# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Guy S. Hammer II and Robin W. Hammer,**
**Petitioners Below, Petitioners**

**FILED**

October 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-1476** (Randolph County 11-AA-3)

**Thomas M. Hammer and Sharon Helms,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioners Guy S. Hammer II and Robin W. Hammer, appearing *pro se*, appeal the order of the Circuit Court of Randolph County, entered November 27, 2012, that denied their motion to alter or amend the circuit court's September 24, 2012 final order. In the final order, the circuit court affirmed the Randolph County Commission's adoption of the October 18, 2011 ruling of the Special Fiduciary Commissioner in this probate case. Respondents Thomas M. Hammer and Sharon Helms, by counsel David H. Wilmoth, filed a response. Petitioners filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Both petitioners and respondents are among the adult children of Guy S. Hammer Sr. and Ethel Marie Hammer. The parties are also no strangers to disputes involving their parents and/or their parents' estates.[1] The instant case concerns the estate of the parties' father Guy S. Hammer, Sr. who died intestate on June 29, 1998. Guy S. Hammer, Sr.'s sole heir-at-law was his wife Ethel Marie Hammer, the parties' mother, who is now also deceased. Respondents were appointed administrators of Guy S. Hammer, Sr.'s estate.

---

[1] *Hammer v. Hammer*, No. 11-0075 (W.Va. Supreme Court, May 9, 2012) (memorandum decision), involved the validity of a 2008 power of attorney executed by Ethel Marie Hammer; however, in its decision, this Court noted that Petitioner Robin W. Hammer sought "to go beyond the complaint and to use the instant action to discover information relevant to his mother's and father's estates." 2012 WL 3002534, at *3.

1

Petitioners filed their petition to remove respondents as administrators on December 29, 2009,[2] eleven and a half years after Guy S. Hammer, Sr.'s death.[3] Petitioners also subsequently moved to revoke the administrators' security bond on the following grounds: (1) failure to list certain assets of personal property on the estate appraisement; (2) failure to list certain outstanding loans as assets of the estate; (3) improper identification of a satisfied debt as owing to the estate; and (4) failure to settle the estate within five years.[4] The Randolph County Commission appointed Heather M. Weese, Esq., as Special Fiduciary Commissioner to hear the matter.

The Fiduciary Commissioner held a hearing on June 28, 2010, at which respondents testified. In a ruling issued on October 28, 2011, the Fiduciary Commissioner recommended that the County Commission deny the petition to remove respondents as administrators and the motion to revoke the administrators' security bond. Relevant to this appeal,[5] the Fiduciary Commissioner first determined that the inclusion of seven mobile homes on the estate appraisement was erroneous, but that the mistake did not constitute a breach of respondents' fiduciary duties. The Fiduciary Commissioner found, in pertinent part, as follows:

> [I]t appears as if these [7] mobile homes were included in the 18 mobile homes purchased by [Respondent Thomas M. Hammer] through the transaction involving the Areo Mobile Home Park and it appears as if title was never transferred out of the name of Guy S. Hammer, Sr. and was picked up by the Randolph County Assessor as an asset still owned by Mr. Guy S. Hammer, Sr. and mistaken[ly] listed on the estate appraisement as assets owned by Guy S. Hammer, Sr.

The Fiduciary Commissioner based this finding at least partially on testimony from Respondent Thomas M. Hammer because the Fiduciary Commissioner noted both that Thomas M. Hammer testified that the mobile home park transaction "included 18 mobile homes" and that he further

---

[2] Petitioner Guy S. Hammer II initially filed the petition. Petitioner Robin W. Hammer subsequently joined in the petition.

[3] The estate of Guy S. Hammer was still pending on December 29, 2009. No final accounting had been filed.

[4] Failure to settle the estate within five years was also the basis for the earlier petition to remove respondents as administrators. *See* W.Va. Code § 44-4-14a(d).

[5] Petitioners state their motion to alter or amend the circuit court's September 24, 2012 final order addressed only two of the twelve assignments of error they originally raised in appealing the Fiduciary Commissioner's October 28, 2011 ruling, and those two assignments of error are the only issues now being appeal to this Court: (1) the listing of the seven mobile homes as assets on the estate appraisement; and (2) the status of the debt owed by Respondent Thomas Hammer as a probate or non-probate asset.

testified that the seven mobile homes at issue "were included in the 18 mobile homes purchased through the transaction involving the Areo Mobile Home Park."

Second, the Fiduciary Commissioner found that a debt owed by Respondent Thomas M. Hammer was not an asset of the estate of Guy S. Hammer, Sr. because it was jointly owned by Ethel Marie Hammer. The Fiduciary Commissioner further determined as follows:

> The Petitioners represented that Mr. Thomas Hammer got the "family business" and that everyone was fine with it as long as Mr. Thomas Hammer took care of their mother, Ethel M. Hammer. According to the Petitioners, they became upset when Mr. Thomas Hammer advised that Ms. Ethel M. Hammer was out of money. They assert that Mr. Thomas Hammer didn't take care of their mother and failed to "keep his promise." They further assert that Mr. Thomas Hammer should not have accepted debt forgiveness from their mother and in doing so, impoverished her. They cited West Virginia Code § 44-1-15 in support, which states that "[t]he appointment of a debtor as executor shall not extinguish the debt."
>
> [Petitioners'] argument fails, however, as to the forgiveness of the debt unless they can establish that the debt was not a "joint debt" that was still owned [sic] to their mother, Ethel M. Hammer, after the death of their father, Guy S. Hammer, Sr. No documentation was provided by either party to establish whether the debt was joint or separate other than the aforesaid deed, which was executed by both Guy S. Hammer, Sr. and Ethel M. Hammer, husband and wife.
>
> The Petitioners assert that Mr. Thomas Hammer has refused to turn over records and has refused to provide records in response to their subpoena duces tecum, which requested the production of "all loan agreements entered into between Thomas Michael Hammer and Guy S. Hammer, Sr. and/or Ethel M. Hammer." However, [the Fiduciary Commissioner] admitted four documents into evidence for the purpose of corroboration of the debt – two (2) marked "deed of trust," one marked "loan information," and a personal handwritten statement. These documents appear to be the "bookkeeping" records of Thomas M. Hammer in regard to the repayment of this debt and are insufficient to establish proof of whether the debt was "joint" or "separate." Mr. Thomas M. Hammer does not refute the existence of the debt, but asserts that it was joint and therefore not listed as an asset of Guy S. Hammer, Sr. on his estate appraisement, as payments continued after his death to his widow, Ethel M. Hammer, until the debt was satisfied and/or forgiven. It does not appear that the Administrators failed in their

fiduciary duties by failing to list these outstanding loans on the estate appraisement because it appears as if the debt was joint and still owed to Ethel M. Hammer.

The County Commission subsequently adopted the Fiduciary Commissioner's October 28, 2011 ruling. Petitioners appealed the Fiduciary Commissioner's ruling to the circuit court.

The circuit court held a final hearing on the matter on September 14, 2012, and subsequently entered a final order on September 24, 2012.[6] The circuit court first rejected petitioner's assignment of error that the Fiduciary Commissioner erred in finding that the inclusion of the seven mobile homes on the estate appraisement was erroneous, but that the mistake did not constitute a breach of respondents' fiduciary duties.

Next, the circuit court concluded that the Fiduciary Commissioner did not clearly err in finding that a debt owed by Respondent Thomas M. Hammer was not an asset of the estate of Guy S. Hammer, Sr. because it was jointly owned by Ethel Marie Hammer. The circuit court noted that the Fiduciary Commissioner's supporting finding that the January 1, 1989 deed from the sale of the Areo Mobile Home Park, out of which the debt arose, identified "Guy S. Hammer, Sr., deceased, and his widow, Ethel M. Hammer" as the sellers. (Internal quotations omitted and emphasis by circuit court.). The circuit court determined that "a sufficient evidentiary basis" existed for the Fiduciary Commissioner's finding that the debt was jointly owned by Ethel Marie Hammer and, as such, was a non-probate asset. Accordingly, the circuit court affirmed the Fiduciary Commissioner's October 28, 2011 ruling.

Petitioners subsequently moved to alter or amend the circuit court's final order. The circuit court denied the motion to alter or amend by an order entered November 27, 2012. Petitioners now appeal both the September 24, 2012 final order and the November 27, 2012 order denying the motion to alter or amend.

"This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 1, *Haines v. Kimble*, 221 W.Va. 266, 654 S.E.2d 588 (2007) (affirming circuit court order upholding county commission's order that, *inter alia*, denied a petition to remove executrix) (Internal quotations and citations omitted.). This standard of review also applies to the circuit court's order denying petitioners' motion to alter or amend pursuant to Syllabus Point One of *Wickland v. American Travellers Life Insurance Company*, 204 W.Va. 430, 513 S.E.2d 657 (1998).

---

[6] In its September 24, 2012 final order, the circuit court noted that petitioners' standing to bring the petition to remove respondents as administrators and the motion to revoke the administrators' security bond could have been challenged but, because respondents did not raise the issue before the Fiduciary Commissioner, the court would decline to address it. Having found that this Court can dispose of petitioners' appeal on the merits, *see infra*, we similarly decline to address petitioners' standing.

4

### LISTING OF SEVEN MOBILE HOMES
### AS ASSETS ON ESTATE APPRAISEMENT

Petitioners argue that the Fiduciary Commissioner should have not reached the issue of whether the seven mobile homes were part of Respondent Thomas Hammer's 1989 purchase of the Areo Mobile Home Park because the issue was never raised. Respondents counter that the inclusion of the mobile homes on the estate appraisement was part of petitioners' evidence before the Fiduciary Commissioner allegedly proving that respondents breached their fiduciary duties. Respondents assert that the inclusion of the mobile homes on the estate appraisement was, in fact, erroneous, but argue that the Fiduciary Commissioner did not clearly err in finding that the mistake did not constitute a breach of respondents' fiduciary duties. The Fiduciary Commissioner stated in her October 28, 2011 ruling that "[p]etitioners . . . inquired into the listing of seven (7) mobiles . . . on Schedule B of the estate appraisement." Therefore, this Court finds that whether the seven mobile homes were part of the purchase of the mobile home park was raised before the Fiduciary Commissioner.

The Fiduciary Commissioner determined that the mobile homes were included in the 1989 purchase of the mobile home park based on evidence that included the testimony of Respondent Thomas Hammer. Because the Fiduciary Commissioner had the opportunity to observe his demeanor while he was testifying, the Fiduciary Commissioner was in the best position to judge the truthfulness of Respondent Thomas Hammer's testimony in light of other evidence. *See State v. Guthrie,* 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995) ("An appellate court may not decide the credibility of witnesses[.]"). Accordingly, this Court determines that the Fiduciary Commissioner did not err in finding that the inclusion of the mobile homes on the estate appraisement was erroneous, but that the mistake did not constitute a breach of respondents' fiduciary duties.

### STATUS OF DEBT OWED
### AS A PROBATE OR NON-PROBATE ASSET

Petitioners assert there is no evidence to support the finding that the debt owed by Respondent Thomas Hammer was jointly owned by Guy S. Hammer, Sr. and Ethel Marie Hammer because Ethel Marie Hammer signed the January 1, 1989 deed only to relinquish any marital interest she may have had in the real estate being transferred, not because the debt was owned by her as well. Respondents counter that the circuit court did not err in determining that there was a sufficient evidentiary basis for the Fiduciary Commissioner's finding that the debt was jointly owned. A Fiduciary Commissioner's findings "should generally be sustained unless not warranted by any reasonable view of the evidence *and such findings are entitled to peculiar weight in an appellate court when they have been confirmed by the decree from which an appeal has been [taken].*" Syl. Pt. 3, *Matter of Estate of Foster*, 180 W.Va. 250, 376 S.E.2d 144 (1988) (Internal quotations and citations omitted.) (Emphasis added.). This Court notes the Fiduciary Commissioner's and the circuit court's concurrent findings that the debt was jointly owned—and, as such, was a non-probate asset—was based on evidence in the record. The Court concludes that the circuit court did not err in rejecting this assignment of error. Therefore, after careful

consideration, the Court concludes that the circuit court did not abuse its discretion in affirming the Fiduciary Commissioner's October 28, 2011 ruling and in denying the motion to alter and amend its September 24, 2012 final order.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  October 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II